UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                             Case No. 13-30880-WRS
                                                  Chapter 7
RICHARD MICHAEL OWENS
ANNA MARIE OWENS,

      Debtor

RICHARD MICHAEL OWENS
and ANNA MARIE OWENS,

      Plaintiffs                          Adv. Pro. No. 13-3100-WRS

  v.

KHEAA, DISCOVER BANK,
UNITED STATES DEPARTMENT
OF EDUCATION, CITIBANK NA,
CAVALRY PORTFOLIO SERVICES
LLC; and CAVALRY SPV LLC,

      Defendants

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court on a Motion for Summary Judgment filed by Defendant Kentucky Higher Education Assistance Authority (KHEAA). (Doc. 61). Plaintiffs Richard Michael Owens and Anna Marie Owens have filed a response. (Doc. 62). For the reasons set forth below, the motion is granted. It is determined that the indebtedness owed by the Owens to KHEAA is excepted from discharge pursuant to 11 U.S.C. § 523(a)(8).

# I. FACTS

The Owens filed a joint petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on April 9, 2013. (13-30880, Doc. 1). They received a Chapter 7 discharge on October 2, 2013. (13-30880, Doc. 32). The Owens have brought suit seeking a determination of dischargeability of their indebtedness on an unspecified number of student loans against six named Defendants: (1) KHEAA; (2) the United States Department of Education; and (3) Discover Bank; (4) Citibank, N.A.; (5) Cavalry Portfolio Services, LLC and (6) Cavalry SPV I, LLC. (Docs. 1, 19, 46). The instant motion affects only KHEAA.

Defendant KHEAA submitted the affidavit of Melissa Justice in support of its motion. (Doc. 61). Justice identifies five promissory notes made by the Owens on various dates between October 9, 2000, and July 31, 2008, with a total principal amount of $19,563.00. Justice asserts that only four payments, totaling $147.02, have been made on the five promissory notes over the past 15 years. Justice further asserts that the balance owed on the notes is now $24,414.27. The Owens do not dispute these assertions and have not submitted any evidence in response to KHEAA's motion. Moreover, it is undisputed that the subject indebtedness owed to KHEAA is for an educational loan of the kind described in 11 U.S.C. § 523(a)(8).

2

## II. LAW

### A. Jurisidiction

This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).  As this decision does not dispose of the claims against all of the parties, it is not a final order.

### B. Summary Judgment Standard

This Adversary Proceeding is before the Court on a motion for summary judgment filed by KHEAA.  (Doc. 61).  Motions for summary judgment are governed by Rule 7056, Fed. R. Bankr. P.  A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986)(citing Rule 56, Fed. R. Civ. P.).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex, 477 U.S. at 323, 106 S.Ct. at 2553; Int'l Ship Repair & Marine Servs. v. St. Paul Fire & Marine Ins. Co., 906 F.Supp. 645, 650-51 (M.D. Fla. 1995). The Court, having reviewed the motion of KHEAA, concludes that it has met its burden.  Once that initial burden is met by the moving

3

party, the burden shifts to the nonmoving party to make a showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. For the reasons set forth below, the Court concludes that KHEAA met its burden and that the Owens have not met their burden–to come forward with evidence showing the existence of a material fact on an essential element of their case.

### C. Student Loan Dischargeability

#### 1. General Rules of Dischargeability

On October 2, 2013, the Owens received a Chapter 7 discharge. (13-30880, Doc. 32). Not all debts in existence at the time a debtor files a petition in bankruptcy are discharged. 11 U.S.C. § 727(b). Section 523(a) of the Bankruptcy Code provides for nineteen enumerated exceptions. The exception in question here is one for student loans.

> A discharge under section 727 . . . does not discharge an individual debtor from any debt–
>
> * * *
>
> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for–
>
> (A)(i) an educational benefit overpayment or loan made . . .

11 U.S.C. § 523(a)(8). The language of § 523(a)(8), provides that student loans, as that term is defined, are excepted from the debtors' discharge. That provision has an exclusion, or an

exception within an exception, where the debtors may demonstrate an "undue hardship." Thus, the creditor has the burden to show that the debt falls within the exclusion of § 523(a)(8), and the debtors have the burden to prove undue hardship. Wright v. RBS Citizens Bank, (In re Wright), 2014 WL 1330276, *3 (Bankr. N.D. Ala.)(order entered 4/2/2014); Matthews-Hamad v. Educ. Credit Mgmt. Corp. (In re Matthews-Hamad), 377 B.R. 415, 420 (Bankr. M.D. Fla. 2007); McLaney v. Ky. Higher Educ. Assistance Auth. (In re McLaney), 314 B.R. 228, 233 (Bankr. M.D. Ala. 2004)(aff'd. 375 B.R. 666 (M.D. Ala. 2007); Alldredge v. Loan Servicing Center (In re Alldredge), 1994 WL 16860118, *3 (Bankr. S.D. Ga.)(order entered 3/7/1994).

## 2. Undue Hardship

The Bankruptcy Code does not define the term "undue hardship." However, in 2003, the United States Court of Appeals for the Eleventh Circuit handed down a decision in Hemar Ins. Corp. v. Cox (In re Cox), 338 F.3d 1238 (11th Cir. 2003), which adopted the widely used test in Brunner v. N.Y. State Higher Educ. Servs. Corp., 831 F.2d 395 (2nd Cir. 1987). The Second Circuit in Brunner held that undue hardship called for a three-part showing:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living of herself and her dependents if forced to repay the loans;
> (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and
> (3) that the debtor has made good faith efforts to repay the loans.

Brunner, 831 F.2d at 396.

As KHEAA is the moving party it has the initial burden, as set out in <u>Celotex Corp. v. Catrett</u>. It submitted a memorandum of law, the affidavit of Melissa Justice and the Owens' answers to interrogatories in support of its motion. (Doc. 61). The Court concludes that by making its submission, KHEAA met its initial burden.

The burden next shifts to the Owens to show the existence of a disputed material fact on each of the essential elements. The Court notes that the Owens submitted only a memorandum of law without any supporting materials. Nevertheless, the Court will consider the materials provided by KHEAA, in the light most favorable to the Owens, the nonmoving parties, in its effort to determine whether they have demonstrated that there is a genuine issue of material fact as to each essential element of their case. <u>Sweat v. Miller Brewing Co.</u>, 708 F.2d 655, 656 (11th Cir. 1983)(holding that when considering a motion for summary judgment, the court should view the evidence in the light most favorable to the opposing party). Considering the Justice affidavit and the answers to interrogatories, in the light most favorable to the Owens, the Court concludes that they have failed to show that there is a genuine issue of material fact as to the third element of the <u>Brunner</u> test–good faith. Specifically, the Owens have failed to show that there is any dispute in the evidence as to whether they made a good faith effort to repay the KHEAA loan. Justice points out in her affidavit that the Owens owe approximately $24,000.00 on five separate notes dated between October 9, 2000 and July 31, 2008, yet have only paid $147.02 over this time. Given the Owens' income and their reported expenses, KHEAA's contention that the Owens have not made a good faith effort to repay their loans is both reasonable and borne out by the evidence it has submitted. (Doc. 61). In response, the Owens argue that they have other loans on which they have made payments. However, their submission contains no specifics as to

6

dates and amounts and, more importantly, their contention is not supported by any evidence. Ali v. City of Clearwater, 915 F. Supp. 1231, 1237-38 (M.D. Fla. 1996)(Holding that nonmovant–on issue where he bears the burden of proof at trial–must go beyond mere pleadings in opposing a motion for summary judgment). It goes without saying that mere argument is not evidence.

There is no talisman as to what a debtor must show to demonstrate good faith, as set out in Brunner. "Good faith is measured by the debtor's efforts to obtain employment, maximize income, and minimize expenses; his default should result, not from his choices, but from factors beyond his reasonable control." Educ. Credit Mgmt. Corp. v. Mosley (In re Mosley), 494 F.3d 1320, 1327 (11th Cir. 2007). In other words, good faith is a facts and circumstances test. In a case recently handed down by the bankruptcy court in the Northern District of Alabama, the court found a lack of good faith where she had made no payments, had not attempted to maximize her income, minimize her expenses or take advantage of various repayment plans. Wright v. RBS Citizens Bank (In re Wright), 2014 WL 1330276 (Bankr. N.D. Ala.)(order entered 4/2/2014). To show "good faith" under the Brunner test, a debtor must come up with at least some evidence of good faith. In Wright, the court concluded that the debtor had failed to carry her burden. In the case at bar, there is no evidence of good faith.

### III. CONCLUSION

The Owens, as nonmoving parties who would bear the burden of proof at trial on the issue of "undue hardship," have the burden here to produce evidence to show, at a minimum, that there is a genuine dispute as to whether they met the "good faith" Brunner prong. The Court concludes that KHEAA has satisfied its initial burden and that there is a total failure of proof on

7

Case 13-03100   Doc 63   Filed 01/22/15   Entered 01/22/15 13:11:00   Desc Main
Document      Page 7 of 8

the part of the Owens to show a factual dispute. For this reason, KHEAA's motion for summary judgment is GRANTED.

Done this 22nd day of January, 2015.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Charles E. Grainger, Attorney for Plaintiffs
   Margaret H. Manuel, Attorney for KHEAA